US DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER NEW, ) | CASE NO.: _____ |
| ) | |
| Plaintiff, ) | JUDGE: _____ |
| ) | |
| vs. ) | **COMPLAINT FOR DAMAGES AND** |
| ) | **EQUITABLE RELIEF** |
| JOLLY PIRATE ENTRTPRISE, INC., ) | |
| ) | |
| ) | **1ST CAUSE OF ACTION:** For Violations |
| ) | of Americans with Disabilities Act of 1990 |
| Defendant. ) | (42 U.S.C. § 12101, *et seq.*) |
| ) | |
| ) | **2ND CAUSE OF ACTION:** For Violations |
| ) | of Ohio Disability Discrimination Law, |
| ) | O.R.C. § 4112.01, *et seq.* |
| ) | |
| ) | ***JURY DEMAND ENDORSED HEREON*** |

Plaintiff Jennifer New (hereinafter "Ms. New") complains of Defendant Jolly Pirate Enterprise, Inc., doing business as Jolly Pirate Donuts (hereinafter "Jolly Pirate"), and alleges as follows:

1. **INTRODUCTION**. This lawsuit seeks injunctive relief and damages against the owner and operator of the Jolly Pirate Donuts retail store, located at 3811 Southwest Blvd., Grove City, OH 43123 (hereinafter, "the Store"), for denying full and equal access to Ms. New, a physically and/or mentally disabled individual who uses a service dog. She was refused service; she and her service dog were verbally threatened in efforts to expel her from the Store, because she was accompanied by her certified service dog on November 29, 2022. Jolly Pirate's actions are in violation of the Americans with Disabilities Act of 1990 ("ADA") and Ohio civil rights law.

2. As a result of Jolly Pirate's illegal acts, Ms. New suffered denial of her civil rights and suffered mental and emotional damage. Ms. New seeks to enjoy the services of the Jolly Pirate

Donuts stores and intends to return to patronize the retail store but cannot do so until it is made accessible policy wise, including revision of its service dog policies and necessary employee re-training. Ms. New has brought this lawsuit to force Jolly Pirate Donuts to change its discriminatory and illegal policies, and to force Jolly Pirate Donuts to compensate her for refusing to serve her because she was and is physically and/or mentally disabled and needs the assistance of her qualified service dog. Ms. New seeks an injunction to protect the rights of all disabled persons, including herself, to be accompanied by a qualified service dog at the Store.

3. **JURISDICTION:** This Court has jurisdiction of this actions pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over the claims brought under Ohio law pursuant to 28 U.S.C. § 1367.

4. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is located in this district and Ms. News's causes of action arose in this district.

5. **PARTIES:** Plaintiff Jennifer New is a "qualified" physically and/or mentally disabled person. Among other disabilities, she experiences Post Traumatic Stress Disorder (PTSD). Ms. New uses her service dog, Yoshi Momma, a Yorkshire Terrier, U.S. Registered Service Dog ID# 149100-3, for mental and emotional support. At all times relevant Ms. New carried with her Yoshi Momma's U.S. Registered Service Dog card, which indicates that Yoshi Momma qualifies for full access to all public places. Ms. New is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and Ohio Revised Code § 4112.01, et seq.

6. Defendant Jolly Pirate Enterprises, Inc., doing business as Jolly Pirate Donuts, is and was at all times relevant to this Complaint, the owner, operator, lessor and/or lessee of the Store, a

property and building located at 3811 Southwest Blvd., Grove City, OH 43123. Ms. New is informed and believes that Jolly Pirate herein is the agent, employee or representative of each of the other Defendants, if any, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants, if any, in proximately causing the damages complained of herein.

7. The Store is a place of "public accommodation" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. § 12181(7) of the Americans with Disabilities Act of 1990 and of Ohio Revised Code § 4112.01, *et seq.*

8. **FACTUAL STATEMENT:** Ms. New, frequented the Store, along with other Jolly Pirate's stores for many years.

9. As a result of suffering from Post Traumatic Stress Disorder (PTSD), in around 2017, it was determined that Ms. New would benefit from working with a service dog to assist her physically, emotionally, and mentally due to her disability. Ms. New therefore began working with her service dog, Yoshi Momma.

10. Yoshi Momma, is a Yorkshire Terrier and a U.S. Registered Service Dog, ID# 149100-3. Ms. New and Yoshi Momma have been working together since 2017; Ms. New takes Yoshi Momma everywhere with her in public.

11. Yoshi Momma is a working dog; she is not a pet. Ms. New and Yoshi Momma trained extensively together when they were matched, and they supplement that training daily. It is important they stay together at all times because (a) Yoshi Momma provides important services for Ms. New; Yoshi Momma provides Ms. New with important mental health care while in

public; and (c) it is part of the training and bonding that they be together constantly to maintain their bond. Where Ms. New goes, Yoshi Momma goes.

12. Ms. New carries a laminated card which identifies Yoshi Momma as Ms. New's registered service dog. The card contains a picture of Yoshi Momma. It lists the name of Ms. New, Yoshi Momma's name, Yoshi Momma's breed, as well as Yoshi Momma's ID number. Furthermore, the card identifies Texas as Yoshi Momma's home state, as well as providing the following statements:

   a. "Full Access Required By Law"

   b. "Handler of this Service Dog ID card meets one of the requirements under 'ADA' Americas with Disabilities Act, Fair Housing Act, Air Carrier Act or the Rehabilitation Act of 1973. The Service Dog and the Handler qualify for Full Access to all Public Places."

13. On November 29, 2022, Ms. New, Michelle Santelli, Ms. Santelli's granddaughter, Izzy, and stepfather, Donald were asked to leave after one of the Store's employees stated that Ms. New's service dog, Yoshi Momma, needed to have a harness or leach on for her to get service from the Store.

14. Ms. New defended her right to have Yoshi Momma with her at all times, including inside the Store. She tried to explain to the Store that it is against State and federal law for the Store to exclude a service dog from the public accommodation.

15. When it became clear to Ms. New that she was not going to be able to convince the Store's employee that it is her right to have her service dog with her in any public accommodation, she and Yoshi Momma exited the Store without receiving products and services she originally desired.

16. In forcing Ms. New and her service dog to leave, Jolly Pirate Donuts failed to accommodate Ms. New's need for a service dog. Furthermore, her rights had been violated; she was humiliated, belittled, and intimidated in front of the other patrons of the store.

## FIRST CAUSE OF ACTION:
## FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

17. Ms. New restates the allegations of ¶¶ 1-17 as if fully rewritten here.

18. Jolly Pirate's Store is a "public accommodation" pursuant to 42 U.S.C. ¶ 12181(7)(E)(F).

19. Ms. New was denied full and equal enjoyment of the Store's goods, services, privileges, and advantages on the basis of her disability.

20. Pursuant to 42 U.S.C. § 12187, Ms. New requests that the Court issue an injunction requiring Jolly Pirate, and the Store, to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons with service dogs. In connection with that relief, Ms. New requests reasonable attorney's fees and costs of maintaining this action.

## SECOND CAUSE OF ACTION:
## FOR VIOLATIONS OF OHIO DISBAILITY DISCRIMINATION LAW

21. Ms. New restates the allegations of ¶¶ 1-21 as if fully rewritten here.

22. Jolly Pirate's Store is a "public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Jolly Pirate committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Ms. New full enjoyment of its accommodations, advantages, facilities, or privileges.

24. Pursuant to O.R.C. § 4112.99, Ms. New is entitled to compensatory and punitive damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $100,000.00, as well as issuance of an injunction requiring Jolly Pirate Donuts to

allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons with service dogs.

**WHEREFORE**, Plaintiff Jennifer New demands:

1. For Plaintiff's First Cause of Action, an injunction requiring Jolly Pirate Donuts to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons with service dogs, and the reasonable attorney's fees and costs of maintaining this action.

2. For Plaintiff's Second Cause of Action, compensatory and punitive damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $100,000.00, as well as issuance of an injunction requiring Jolly Pirate Donuts to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons with service dogs.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

**/s/ *COLIN G. MEEKER***
Colin G. Meeker (OH #0092980)
495 Portage Lakes Dr.
Akron, OH 44319
O: (330) 253-3337
F: (330) 253-4131
C: (330) 603-7173
cgm@bmblaw.com

**JURY DEMAND**

Plaintiff demands a jury trial on liability and damages for her Second Cause of Action.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

**/s/ *COLIN G. MEEKER***
Colin G. Meeker (OH #0092980)
495 Portage Lakes Dr.
Akron, OH 44319
O: (330) 253-3337
F: (330) 253-4131
C: (330) 603-7173
cgm@bmblaw.com