UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JENNIFER NEW,**

        **Plaintiff,**

  v.                                 **Civil Action 2:23-cv-4084**
                                       **Judge James L. Graham**
                                       **Magistrate Judge Chelsey M. Vascura**

**JOLLY PIRATE ENTERPRISES, INC.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Jennifer New, brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Ohio Revised Code § 4112.01, *et seq.*, against Defendant Jolly Pirate Enterprises, Inc., arising from Defendant's denial of service due to Plaintiff's service animal. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's ADA claim for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), and further **RECOMMENDS** that the Court decline to

exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I.  BACKGROUND

Plaintiff alleges that she is a qualified individual with a disability under the ADA and Ohio law due to, among other disabilities, post-traumatic stress disorder. (Compl., ¶ 5, ECF No. 1.) Plaintiff alleges that she uses her service dog, a Yorkshire Terrier named Yoshi Momma, "for mental and emotional support." (*Id.*) Plaintiff further alleges that it is important that she stay together with Yoshi Momma at all times "because (a) Yoshi Momma provides important services for Ms. New; [(b)] Yoshi Momma provides Ms. New with important mental health care while in public; and (c) it is part of the training and bonding that they be together constantly to maintain their bond." (*Id.* at ¶ 11.)

On November 29, 2022, Plaintiff and several friends entered Defendant's store in Grove City, Ohio. (*Id.* at ¶¶ 6, 13.) Plaintiff and her friends "were asked to leave after one of the Store's employees stated that Ms. New's service dog, Yoshi Momma, needed to have a harness or leach [*sic*] on for her to get service from the Store." (*Id.* at ¶ 13.) Plaintiff stated that it was against state and federal law to exclude a service dog from a place of public accommodation, but when it became clear that the Store employees would not be convinced, Plaintiff and Yoshi Momma exited the store without receiving the products and services she desired. (*Id.* at ¶¶ 14–15.) Plaintiff alleges that Defendant failed to accommodate Plaintiff's need for a service dog in violation of the ADA and Ohio Revised Code Chapter 4112 and seeks injunctive relief and compensatory and punitive damages. (*Id.* at ¶¶ 17–24.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious; [or]
> >
> > (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

3

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   ANALYSIS

Plaintiff's allegations fail to state a claim under the ADA. Public accommodations are generally required by Title III of the ADA to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). More specifically, with regard to service animals, public accommodations are "generally" required to "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R § 36.302(c)(1). However, not every animal qualifies as a "service animal" under the ADA. To qualify, the animal must be "individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability. . . . [T]he provision of emotional support, well-being, comfort, or companionship do not constitute work or tasks for the purposes of this definition." 28 C.F.R. § 36.104. Further, the duty to accommodate even qualifying service animals is not without limits. Of pertinence to these facts, "[a] service animal shall have a harness, leash, or other tether, unless either the handler is unable because of a disability to use a harness, leash, or other tether, or the use of a harness, leash, or other tether would interfere with the service animal's safe, effective performance of work or tasks, in which case the service animal must be otherwise under the handler's control (e.g., voice control, signals, or other effective means)." 28 C.F.R. § 36.302(c)(4).

Plaintiff's allegation that Yoshi Momma provides Plaintiff with "mental and emotional support" does not suffice to establish that Yoshi Momma is a "service animal" for purposes of the ADA. To the contrary, § 36.104 expressly excludes "the provision of emotional support, well-being, comfort, or companionship" from qualifying work or tasks. And even if Yoshi Momma qualified as a service animal, Plaintiff's allegation that "one of the Store's employees stated that Ms. New's service dog, Yoshi Momma, needed to have a harness or leach [sic] on for her to get service from the Store" establishes that Yoshi Momma did not "have a harness, leash, or other tether" as required by § 36.302(c)(4). Nor does Plaintiff allege that she met either of

5

§ 36.302(c)(4)'s exceptions—*i.e.*, that she was unable to use a leash due to her disability or that a leash would interfere with Yoshi Momma's performance of work or tasks. Plaintiff's allegations therefore fail to plausibly state a claim against Defendant for violation of the ADA and the undersigned recommends that Plaintiff's ADA claim be dismissed. *See Smith v. Spindletop MHMR Servs.*, No. 1:20-CV-00039-TH, 2020 WL 3442203, at *3 (E.D. Tex. Mar. 24, 2020), *report and recommendation adopted*, 2020 WL 3429047 (analyzing identical leash requirements under Title II of the ADA and finding plaintiff failed to state a claim pertaining to unleashed service dog when failing to allege either exception to the leash requirement); *Thomas v. Univ. of S. Fla.*, No. 8:19-CV-55-T-36AAS, 2019 WL 2452825, at *4 (M.D. Fla. June 12, 2019) (same).

The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations pertaining to Ohio Revised Code Chapter 4112 fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different

6

state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims under the Ohio Revised Code pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that she and Defendant are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has original subject-matter jurisdiction over her state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

## IV.     DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's claims under the Americans with Disabilities Act be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that that the Court decline to exercise jurisdiction over Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE